UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE FREEMAN, | : |
|     Plaintiff, | : |
| | : |
| v. | :    No. 18-cv-5093 |
| | : |
| ALLENTOWN SCHOOL DISTRICT, | : |
|     Defendant. | : |

**O P I N I O N**

Joseph F. Leeson, Jr.                                                                 November 29, 2018
United States District Judge

      Plaintiff Denise Freeman filed this civil action by submitting to the Court a Motion to Proceed *In Forma Pauperis* (ECF No. 1) and a letter directed "To the Honorable Judges of the United States District Court" with the subject line "Re: Concerned with the Health and Welfare of my child" (ECF No. 2). The letter, which references 18 U.S.C. § 3509 and discusses Freeman's concern for her fifteen-year-old daughter due to her daughter's declining school grades and a jaw injury, was docketed as the Complaint in this matter. For the following reasons, the Court grants Freeman leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, because it appears she is incapable of paying the fees necessary to commence this action. However, the Court dismisses this case without prejudice to Freeman filing a proper complaint if she has a basis to do so.

      As Freeman is proceeding *in forma pauperis*, the Court must screen this case pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether, among other things, Freeman has stated a claim. To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted).  A district court may also *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).  Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3). As Freeman is proceeding *pro se*, the Court construes her allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Freeman's submission fails to comply with the Federal Rules of Civil Procedure and fails to state a claim.  Initially, Freeman's letter fails to comply with Federal Rule of Civil Procedure 3, which states that "[a] civil action is commenced by filing a complaint with the court."  But even liberally construing Freeman's letter as a Complaint, the Complaint fails for several reasons.

Freeman's filing does not comply with Federal Rules of Civil Procedure 8 and 10.  The purpose of these rules is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims.  *See, e.g., Fabian v. St. Mary's Med. Ctr.*, No. Civ.A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted); *Young v. Centerville Clinic, Inc.*, No. Civ.A. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009) ("The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief."). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled

to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id*. ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

Here, Freeman has not identified any defendants in her letter, although the caption on her Motion to Proceed *In Forma Pauperis* suggests she intended to sue the Allentown School District. She does not set forth facts in numbered paragraphs explaining how Allentown School District or any other defendant is liable to her, nor does she articulate any requests for relief. To the contrary, Freeman appears to be alerting the Court to concerns about her child rather than setting forth a basis for a proper legal dispute within this Court's jurisdiction. *See Bey v. Hillside Twp. Mun. Court*, No. CIV.A. 11-7343 RBK, 2012 WL 714575, at *7 (D.N.J. Mar. 5, 2012) ("[T]his Court's Article III mandate is limited to resolution of legal cases and controversies.").

Additionally, to the extent Freeman is raising claims based on any injuries suffered by her daughter, Freeman lacks standing, as she may not raise claims based on injuries sustained by another. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself). Freeman also references 18 U.S.C. § 3509, which sets

forth the rights of child victims and child witnesses in federal criminal matters. However, § 3509 does not provide Freeman with a private cause of action. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]").

As the Court cannot discern any clear basis for a claim from Freeman's filing, and as the filing fails to comply with numerous rules of civil procedure, the Court dismisses the Complaint without prejudice to Freeman filing a proper complaint that sets forth a basis for a cause of action against an identified defendant or defendants. An appropriate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge